756 A.2d 1074

TOLL BROTHERS, INC., A DELAWARE CORPORATION, PLAIN-
TIFF–RESPONDENT, v. TOWNSHIP OF WEST WINDSOR, A
MUNICIPAL CORPORATION OF THE STATE OF NEW JER-
SEY LOCATED IN MERCER COUNTY, MAYOR AND COUNCIL
OF THE TOWNSHIP OF WEST WINDSOR, AND THE PLAN-
NING BOARD OF THE TOWNSHIP OF WEST WINDSOR, DE-
FENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 1, 2000—Decided August 16, 2000.

Before Judges HAVEY, A.A. RODRÍGUEZ and COLLESTER.

*Gerald J. Muller* argued the cause for appellant Planning Board of the Township of West Windsor in A–5858–97T3 and A–5900–97T3 (*Miller, Porter & Muller,* attorneys; *Mr. Muller,* on the joint brief).

*Karen L. Cayci* argued the cause for appellants Township of West Windsor and Mayor and Council of the Township of West Windsor (*Herbert, Van Ness, Cayci and Goodell,* attorneys; *Ms. Cayci,* on the joint brief).

*Henry A. Hill* argued the cause for respondent (*Hill Wallack and Flaster, Greenberg, Wallenstein, Roderick, Spirgel, Zuckerman, Skinner & Kirchner,* attorneys; *Mr. Hill, Kenneth E. Meiser, Stephen M. Eisdorfer* and *Carl S. Bisgaier,* of counsel and on the brief).

PER CURIAM.

In this exclusionary zoning litigation, defendants Township of West Windsor, the Township's Mayor and Council, and its Planning Board, appeal from a judgment declaring the Township's zoning ordinance in violation of *Southern Burlington County N.A.A.C.P. v. Township of Mount Laurel,* 92 *N.J.* 158, 456 *A.*2d 390 (1983) (*Mount Laurel II* ). The judgment awards plaintiff Toll Brothers, Inc., a builder's remedy to construct a development of single-family and multi-family dwellings, including 175 affordable rental units which, if built, will satisfy approximately one third of the Township's fair share.

Plaintiff's 293–acre site is the largest of several nearly contiguous properties included in a 1985 Consent Judgment of compliance and repose entered by Judge Serpentelli. *See Affordable Living Corp. v. West Windsor Township,* No. L–17812–84 (Law Div. October 1, 1985). That consent order was modified on October 16, 1986, to conform West Windsor's fair-share housing obligation to that entered by the Council of Affordable Housing—592 units.

When West Windsor elected not to apply for interim certification, *see N.J.A.C.* 5:92–1.6(d) and *N.J.A.C.* 5:91–14, Toll Brothers filed the present action in May 1993. As of 1994, West Windsor's fair-share housing obligation was fixed at 929 units of affordable housing.

After a lengthy trial, Judge Carchman rendered a written opinion, reported in part at 303 *N.J.Super.* 518, 697 *A*.2d 201 (Law Div.1996), in which he summarized his findings as follows:

1) The marketability, and thus market demand for particular housing types, are factors that must be considered in determining whether a municipality has provided a realistic opportunity for the development of affordable housing. Appropriately sized and priced conventional single-family dwellings may provide an alternative to multi-family housing for the purpose of meeting housing demand to satisfy a municipality's fair share requirement;

2) Defendant's ordinances and policies regarding sewer financing and construction, which require inclusionary developers to "front-end" the costs of an oversized gravity-fed system, are factors that discourage inclusionary developers and diminish a realistic opportunity to develop inclusionary sites;

3) Inclusionary sites that require assemblage in order to comply with zoning ordinances and other municipal regulations should not be considered as sites providing a realistic opportunity for development of inclusionary housing;

4) Many of the sites zoned for inclusionary housing are so environmentally constrained or subject to open space or other requirements as to minimize their consideration as sites providing a realistic opportunity for development of inclusionary housing;

5) Where defendant received prior credit for inclusionary sites, and where so little inclusionary development has taken place over an extended period of time—here, ten years—despite significant development of the single-family housing market, the burden of persuasion shifts to defendant to establish why previously approved sites have not been developed; and

6) As a result of market demand factors, site factors and the terms of defendant's ordinances and regulations, West Windsor's inclusionary housing plan does not create a realistic opportunity for the development of its fair share of affordable housing, and West Windsor is thus not in compliance with the *Mount Laurel* mandate.

[*Id.* at 528–29, 697 *A*.2d 201.]

We affirm substantially for the reasons expressed by Judge Carchman in his comprehensive reported opinion and in the unreported portion of the opinion dated October 16, 1996. The judge's findings of fact are supported by substantial credible evidence in the record. *Rova Farms Resort, Inc. v. Investors Ins.*

*Co. of Am.,* 65 *N.J.* 474, 484, 323 *A.*2d 495 (1974).   His conclusions, based on those findings, are legally sound.

The remaining portion of our discussion is redacted.   It addresses issues not raised below and those which arose after Judge Carchman delivered his reported opinion.

Affirmed.